UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ALLEN LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW DEEMS, et al.,<br><br>  Defendants. | Case No. 14-cv-03324-HSG (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS; DIRECTING DEFENDANTS TO RESPOND TO PENDING MOTIONS FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 24, 36 |

Plaintiff Keith Allen Lewis, Sr., a California inmate, filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that prison officials at San Quentin State Prison ("SQSP") were deliberately indifferent to his serious medical needs. *See* Docket No. 11. This matter is now before the Court for consideration of two miscellaneous filings from Plaintiff.

## DISCUSSION

**I.     Motion for Unlimited Copying Services (Docket No. 24)**

Plaintiff has requested that the Court order Defendants to provide him with unlimited copying services[1] when he visits the SQSP law library. *See* Docket No. 24. Plaintiff alleges that he is limited to fifty copies per case number and that, as of September 22, 2014, Defendants have refused to provide him with any copies, thereby violating his constitutional right of access to the courts. *See id.* at 2. Plaintiff claims that these restrictions have impeded his ability to "timely submit meritorious documents and exhibits to the Court and defendants, exhibits and documents

---

[1] Because Plaintiff has not mentioned the cost of photocopying, the Court presumes Plaintiff does not seek unlimited free photocopying and only addresses whether Plaintiff is entitled to unlimited photocopying. The Court notes that Plaintiff does not have a constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir.1991) (citing *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying")).

which will substatiate (sic) Plaintiff's claims." *Id.* Plaintiff further claims that he will need to submit copies of courts documents, discovery requests, and CDCR appeals in support of claims which he has recently filed with California's Victim Compensation and Government Claims Board [hereinafter *Claims Board*]. *Id.*

The Ninth Circuit has concluded that "an inmate has a right to photocopying . . . when, and only when, necessary to guarantee him meaningful access to the courts." *Hiser v. Franklin*, 94 F.3d 1287, 1294 n. 6 (9th Cir. 1996). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350–55 (1996). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to purse a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354–55.

As noted in the Court's initial screening order, Plaintiff has stated a non-frivolous claim that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. *See* Docket No. 15 at 2.[2] However, Plaintiff has not demonstrated that the restrictions on photocopying have hindered his efforts to pursue the instant action.

As an initial matter, the record contradicts Plaintiff's assertion that Defendants have denied him photocopies since September 22, 2014. On March 23, 2015, Plaintiff filed a pleading titled, "Offer of Proof and Declaration in Support of Plaintiff's Attached Exhibit #LKL." *See* Docket No. 26 [*hereinafter* Offer of Proof]. Attached to the Offer of Proof is a 45-page exhibit, which consists of copies of Plaintiff's CDCR Health Care Services Requests. *See id.* at 16–61.[3] The proof of service for the Offer of Proof states that Plaintiff served this document on Defendants,

---

[2] The Court conducted an initial screening of Plaintiff's complaint as required by Section 1915A(a) of the United States Code, Title 28. Pursuant to 28 U.S.C. § 1915A(a), the Court identified cognizable claims, and dismissed any claims which were frivolous or malicious; failed to state a claim upon which relief may be granted; or sought monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2).

[3] References to pages of filed documents are to the page numbers that are automatically assigned by the Court's electronic filing system and appear in the upper right-hand corner of the pages of filed documents.

2

which indicates that Plaintiff made a copy of this 63-page document. *See id.* at 62. On April 14, 2015, Plaintiff filed a pleading titled, "Supplemental Declaration in Support of Exhibit #LKL(2) and Additional Offers of Proof in Support of the Issuance of a T.R.O." *See* Docket No. 28 [*hereinafter* Supplemental Declaration]. There is a 19-page exhibit attached to this Supplemental Declaration, which consists of copies of Plaintiff's health-related correspondence and documents. *See id.* at 4–23. The proof of service for the Supplemental Declaration states that Plaintiff served this document on Defendants, which indicates that Plaintiff made a copy of this 23-page document. *See id.* at 24.

Moreover, the record shows that Plaintiff has been able to vigorously pursue the instant action despite Defendants' restrictions on his photocopying. Since he filed this request for unlimited photocopying, he has filed six motions (including the Offer of Proof and Supplemental Declaration), three of which have exhibits attached. *See* Docket Nos. 26, 28, 33, 34, 36 and 37.

Finally, Plaintiff's allegation that the photocopying restrictions are interfering with his ability to submit claims to the California Victim Compensation and Government Claims Board fails to state a claim for denial of access to the courts. The ability to file claims with the Claims Board implicates access to the courts because the California Tort Claims Act ("CTCA") requires a plaintiff to present a written claim to the Claims Board within six months of the accrual of the action before a plaintiff may maintain an action for damages against a public employee. *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, *if* photocopying restrictions prevented Plaintiff from presenting claims to the Victim Compensation and Government Claims Board, this restriction would constitute denial of access to the courts since it would prevent him from maintaining an action for damages and pleading a state tort claim in state or federal court. *See State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243–44 (2004). However, Plaintiff's own pleadings indicate that he has successfully presented his claims to the Claims Board, thereby preserving his access to the courts for these claims.[4] *See* Docket No. 24 at 3–6.

---

[4] Plaintiff does not specify the subject matter of the claims which he has presented to the Claims Board so the Court is unable to determine whether these claims are non-frivolous. *See*, *e.g.*,

1    Plaintiff has therefore failed to demonstrate that Defendants' photocopying restrictions
2    have caused him actual injury.  Plaintiff's request for unlimited photocopying is DENIED.
3    (Docket No. 24.)  However, to mitigate Plaintiff's concerns regarding the photocopying
4    restrictions, the Court will not require Plaintiff to serve his pleadings on Defendants' counsel of
5    record, pursuant to the instructions below.  Plaintiff is also advised that, in order to reduce the
6    number of pages to be photocopied, he need not resubmit exhibits upon which he intends to rely
7    where such exhibits have been previously submitted by him in earlier filings, submitted by
8    Defendants, or otherwise are contained in the record of the case, provided Plaintiff cites to any
9    such previously-submitted exhibit and adequately identifies where it can be located in the record.

## II.    Ex Parte Request for Court-Ordered Telephonic Calls (Docket No. 36)

Plaintiff has submitted an ex parte request that the Court order "telephonic calls with the Clerk of this Court, discovery facilitator, defense counsel, and to appear through 'Court Call' an independent vendor service by making arrangements with Court Call service five days in advance before the hearing date set . . ."  Docket No. 36 at 1.  Plaintiff's request is DENIED.  (Docket No. 36.)  Plaintiff may communicate with defense counsel and the Clerk of the Court via written communications.  He has not demonstrated why telephonic communication with defense counsel or the Clerk of the Court is necessary.  There is no discovery facilitator in this case.  There are currently no hearings set in this case.  If a hearing is required, the Court will issue the necessary orders to ensure Plaintiff's telephonic appearance.

## III.   Motions for Temporary Restraining Order (Docket Nos. 23 and 37)

Plaintiff has filed two motions for a temporary restraining order.  *See* Docket Nos. 23 and 37.  Defendants have not filed a response to either motion.  Within fourteen (14) days of the date of this order, Defendants shall file a response.  The Court will consider these motions fully submitted as of that date.

//

---

*Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002) (underlying claim must be "described well enough to apply the 'nonfrivolous' test"); *Lewis*, 518 U.S. at 348–49, 353 (to state an access to courts claim, inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded") (internal footnote omitted).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's request for unlimited photocopying is DENIED. (Docket No. 24.) The Court will not require Plaintiff to himself serve Defendants with copies of his filings. Rather, Plaintiff may file his papers with the Court, and the Clerk will scan such filings into the Court's electronic filing system ("ECF"), from which Defendants may obtain the filings.

2. Plaintiff's ex parte request for court-ordered telephonic calls is DENIED. (Docket No. 36.)

3. Within fourteen (14) days of the date of this order, Defendants shall file a response to Plaintiff's motions for a temporary restraining order (Docket Nos. 23 and 37).

This order terminates Docket Nos. 24 and 36.

**IT IS SO ORDERED.**

Dated: 10/1/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge